Crystal **FOREMAN**, et al., Plaintiffs

v.

**P.A. BECKWITH, Sgt Eric Stevens, Trooper Walter Greene, Officer Justin Kasperzyk, Officer Steven Dautrich, Officer Robert Brooks and Officer Michael Daddio, Defendants**

No. 3:00 CV 1562 GLG.

United States District Court,
D. Connecticut.

April 10, 2003.

John R. Williams, David G. Toro, Williams & Pattis, New Haven, CT, for plaintiffs.

Michael A. Wolak, III, Office of Corp. Counsel, New Haven, CT, for P.A. Beckwith, Greene, defendants.

Stephen Richard Sarnoski, Attorney General's Office, Hartford, CT, for Eric Stevens, Walter Greene, defendants.

Michael A. Wolak, III, James S. DelVisco, Office of Corp. Counsel, New Have, CT, for Justin Kasperzyk, defendant.

Thomas R. Gerarde, John J. Radshaw, III, Howd & Ludorf, Hartford, CT, Stephen Richard Sarnoski, Attorney General's Office, Hartford, CT, for Steven Dautrich, defendant.

## MEMORANDUM DECISION

GOETTEL, District Judge.

The plaintiffs in this case, Crystal and William Foreman, commenced this law suit against Sergeant Stevens and Trooper Greene of the Connecticut State Police, as well as several other defendants, for allegedly violating their constitutional rights while executing a facially valid search warrant at the plaintiffs' first floor apartment located at 79 Chapel Street in New Haven, Connecticut. The motion now before the Court was filed by Sergeant Stevens and Trooper Greene only;[1] the other named defendants are not parties to this motion.

The plaintiffs claim that the defendants violated their right to be free from unreasonable search and seizure as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution. Additionally, they assert a state law claim against them for intentional infliction of emotional distress. In response, the defendants have filed a motion to dismiss the federal and state law claims asserted against them [Doc. 41]. The defendants argue, pursuant to Federal Rule of Civil Procedure 12(b)(6), that the federal claim must be dismissed for failure to state a claim upon which relief can be granted; they also claim qualified immunity in regard to the federal claim, and sovereign and statutory immunity in regard to the state law claim. For the reasons set forth below, we **GRANT** the motion in part, and **DENY** it in part.

## I. Facts

The following alleged facts, which are taken from the plaintiffs' complaint, are relevant to our disposition of the defendants' motion. On September 27, 1999, the defendants obtained a search warrant for the plaintiffs' apartment, despite the fact that the officers should have known the apartment they wished to search was located on the second floor of the same building. The plaintiffs allege further that while executing the warrant, the defendants entered the plaintiffs' apartment by breaking down the door without knocking or announcing their identities or purpose for being there. Once inside the dwelling, the officers realized that the apartment they were searching was the wrong one and, yet, continued to search the premises for roughly one-hour. The plaintiffs contend further that, during the course of the search, the officers inflicted "great and entirely unnecessary damage upon the premises, overturning mattresses, dumping the contents of drawers and closets on the floors, and emptying the refrigerator," and that the defendants refused to repair any of the damage they had inflicted. (Comp.¶¶ 12, 13). The defendants also verbally accused the plaintiffs of being involved in drug trafficking because of their proximity to drug dealers, and took numerous photographs of the dwelling.

### *Discussion*

## I. Qualified Immunity

Qualified immunity "is an entitlement not to stand trial." *Russo v. City of Hartford,* 158 F.Supp.2d 214, 233 (D.Conn. 2001). Where a defendant seeks qualified immunity, a ruling on that basis should be made early in the proceedings. *Id.* For the defendants to avail themselves of the protection of qualified immunity, we must determine "if their actions were objectively reasonable, as evaluated in the context of the legal rules that were clearly established at that time." *Poe v. Leonard,* 282 F.3d 123, 132 (2d Cir.2002). As a threshold inquiry, taking all of the allegations in the light most favorable to plaintiffs, we

---

**1.** All references to the "defendants" refer to Sergeant Stevens and Trooper Greene only.

must determine whether those allegations show, if proven, that the defendants violated their constitutional rights. *See Russo,* 158 F.Supp.2d at 233. If we find that the complaint alleges such facts, our second inquiry addresses whether the right in question was clearly established at the time the violation occurred. *Poe,* 282 F.3d at 133. In addressing this second inquiry, the Second Circuit has stated that a finding of qualified immunity is appropriate when a "defendant's action did not violate a clearly established law or [ ] it was objectively reasonable for the defendant to believe that he did not violate such law." *Id.* In other words, if an official's mistake as to what the law requires was reasonable, the official is entitled to qualified immunity.

■ Before proceeding in evaluating whether qualified immunity relieves the defendants of the burdens of defending a law suit, the Supreme Court has directed the lower courts first to "determine whether the plaintiff has alleged deprivation of an actual constitutional right at all." *Charles v. Maul,* 214 F.3d 350, 357 (2d Cir.2000) (quoting *Wilson v. Layne,* 526 U.S. 603, 609, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999)). Because the plaintiffs assert their claim under 42 U.S.C. § 1983, they must allege that the conduct complained of was attributable to a person acting under color of state law, and that such conduct deprived them of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Id.* In evaluating the allegations in the complaint, we are mindful that Rule 8(a)(2) of the Federal Rules of Civil Procedure, which applies to section 1983 claims, requires only notice pleading in the form of "a short and plain statement

of the claim showing that the pleader is entitled to relief." *Id.*

■ The plaintiffs allege that the defendants, without justification, (1) entered the dwelling unit by breaking down the entrance door; (2) realized they were in the wrong dwelling unit; (3) continued the search of the premises for roughly one-hour despite knowing it was the wrong dwelling unit; (4) inflicted unnecessary damage on the premises; and (5) accused the plaintiffs of being drug dealers and photographed the interior of their home during the search. The plaintiffs allege further that, "at all times mentioned [the defendants] were acting in their official capacities [and] acting under color of law;" they also claim that the defendants' actions resulted in a violation of rights guaranteed to them under the Fourth Amendment. (Comp.¶¶ 4, 5, 15). These allegations satisfy the notice pleading requirement of Rule 8(a)(2), and allege properly the deprivation of a constitutional right.[2] *See* Fed. R.Civ.P. 8; *Maul,* 214 F.3d at 357. Moreover, the threshold inquiry of the qualified immunity analysis is satisfied because the allegations show that, if proven, the defendants violated the plaintiffs' Fourth Amendment right to be free from unreasonable searches and seizures. We move now to the second inquiry of qualified immunity analysis to see if the right the defendants are alleged to have violated was clearly established.

*A. Clearly Established Right*

■ The United States Constitution provides individuals with a clearly established right to be free from unreasonable searches and seizures, which includes the right to be from the unreasonable execution of a search warrant.[3] *See* U.S. CONST.

---

**2.** The defendants claim that the allegations are conclusory and must be found insuffi-

cient. In light of the notice pleading requirements of Rule 8(a)(2), we disagree.

**3.** The Fourth Amendment is made applicable

amend. IV; 42 U.S.C. § 1983; *Russo,* 158 F.Supp.2d at 234; *Samuels v. Smith,* 839 F.Supp. 959, 965 (D.Conn.1993) (discussing reasonableness of execution of search warrant under Fourth Amendment). Because "the operation of [the objective reasonableness] standard ... depends substantially upon the level at which the relevant 'legal rule' is to be identified[,] [t]he right the official is alleged to have violated must have been 'clearly established' in a particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates the law." *Anderson v. Creighton,* 483 U.S. 635, 639–40, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987); *see* MARTIN A. SCHWARTZ & JOHN E. KIRKLIN, SECTION 1983 LITIGATION, CLAIMS AND DEFENSES, § 9.16 (3d ed.1997).

Mindful that the generality of a claimed violation of a clearly established right might turn the qualified immunity defense into a rule of virtually unqualified liability, we look to the plaintiffs' specific allegations of the unreasonable execution of the search warrant to see if the relevant law clearly established the right in that regard. *Anderson,* 483 U.S. at 639–40, 107 S.Ct. 3034.

■ The plaintiffs contend that the defendants violated the "knock and announce rule" when they entered their premises by breaking down the entrance door without knocking or identifying themselves, which resulted in the unreasonable execution of the search warrant. The Connecticut Supreme Court has stated, "[f]rom early colonial times we, in this jurisdiction, have followed the common-law requirement in the execution of search warrants that, in the absence of some special exigency, before an officer may break and enter he 'ought to signify the cause of his coming, and to make request to open the doors.'" *State v. Ruscoe,* 212 Conn. 223, 236, 563 A.2d 267 (1989). Consequently, the law relevant to the entrance of government officials into a dwelling unit for the purposes of executing a search has clearly established the plaintiffs' right to know who desired entrance into the dwelling, and for what purpose that entrance was desired, at the time the defendants executed the search warrant.[4]

■ The plaintiffs allege further that the defendants conducted roughly a one-hour search of their dwelling despite the fact that they had realized the search warrant should have been issued for another apartment in the same building. We find the facts here similar to *Maryland v. Garrison,* 480 U.S. 79, 107 S.Ct. 1013, 94 L.Ed.2d 72 (1987). In *Garrison,* officers obtained and executed a search warrant for a third floor dwelling unit. Once inside, the officers realized there were in fact two dwelling units on the third floor. The Supreme Court considered, *inter alia,* whether the officers' execution of the search warrant violated the Fourth Amendment. It held,

> If the officers had known, or should have known, that the third floor contained two apartments before they entered the living quarters on the third floor, and thus had been aware of the error in the warrant, they would have been obligated to limit their search to McWebb's apartment. Moreover, as the officers recognized, they were required

---

to actions of the state pursuant to the Fourteenth Amendment. *See* U.S. CONST. amend. XIV.

**4.** We recognize that additional facts, not available to the Court at this time, may show that exigent circumstances excused the defendants from the "knock and announce rule" or that they complied with it.

to discontinue the search of respondent's apartment as soon as they discovered that there were two separate units on the third floor and therefore were put on notice of the risk that they might be in a unit erroneously included within the terms of the warrant. The officers' conduct and the limits of the search were based on the information available as the search proceeded. While the purposes justifying a police search strictly limit the permissible extent of the search, the Court has also recognized the need to allow some latitude for honest mistakes that are made by officers in the dangerous and difficult process of making arrests and executing search warrants.

*Garrison,* 480 U.S. at 86, 87, 107 S.Ct. 1013.

*Garrison* makes clear that at the point the officers realized their mistake, they were obligated to limit or discontinue their search once they were put on notice of the risk that they might be in a dwelling unit erroneously included within the terms of the warrant. *Id.*

■ Finally, the plaintiffs argue that the defendants unnecessarily damaged their premises when they executed the search warrant. "[I]t is well recognized that 'officers executing search warrants on occasion must damage property in order to perform their duty.'" *Soichet v. Toracinta,* No. 95–2771, 1997 WL 183776, at *3 (2d Cir. Apr.15, 1997). However, when officers act unreasonably in damaging property during the execution of a search warrant, they may be subject to liability for that damage. *Cf. Id.* (recognizing that property damage that occurs during execution of search warrant might be held unreasonable); *see Cody v. Mello,* 59 F.3d 13, 16 (2d Cir.1995). Therefore, we find there exists a clearly established right not to incur unreasonable property damage during the execution of a search warrant, and

that the plaintiffs properly alleged a violation of that right.

Consequently, the right to be free from unreasonable search and seizure, as discussed in the particularized instances above, is a clearly established right. Moreover, the plaintiffs' allegations, if proven, would establish a violation of that right. Having determined the right in question to be sufficiently clear, we determine now if the defendants' actions were objectively reasonable in light of those clearly established rights.

### B. Objective Reasonableness

■ At this very early stage in the litigation process and based only on the facts presented to this Court in the plaintiffs' complaint, we cannot say that the defendants are entitled to qualified immunity as a matter of law because, if the plaintiffs prove the facts they have asserted, a reasonable official would have understood that what he was doing violated a clearly established right. Stated another way, reasonable officials, in light of the clearly established rights, could not disagree that the defendants' actions were unreasonable.

Consequently, the defendants are not, as a matter of law, entitled to qualified immunity at this point in the litigation. We address next the defendants' claim that they are entitled to sovereign and statutory immunity regarding the plaintiffs' pendant state law claim.

### II. Statutory Immunity

■ The defendants claim that they are entitled to both sovereign and statutory immunity regarding the plaintiffs' state law claim of intentional infliction of emotional distress. At the outset, we note that the doctrine of sovereign immunity applies when officials are sued in their official capacities and it does not apply when they

are sued in their individual capacities only; statutory immunity applies in such cases. *Bailey v. Blumenthal,* No. CV020812552S, 2003 WL 356777, at *4 (Conn.Super.Jan.17, 2003); *see also Shay v. Rossi,* 253 Conn. 134, 162, 180, 749 A.2d 1147 (2000).

■ Statutory immunity under Connecticut General Statutes § 4–165 provides in relevant part: "No state officer or employee shall be personally liable for damages or injury, not wanton, reckless or malicious, caused by the discharge of his duties or within the scope of his employment." Here, the plaintiffs concede, as they must, that the defendants are entitled to statutory immunity. The plaintiffs have not asserted any facts alleging that the defendants acted in a "wanton, reckless or malicious manner" that would serve to lower the shield of statutory immunity thereby requiring them to defend themselves against personal liability. Therefore, we hold that the defendants are entitled to statutory immunity on the plaintiffs' claim of intentional infliction of emotional distress and dismiss that claim as to the defendants Sergeant Stevens and Trooper Greene.

### III. Standard for a 12(b)(6) Motion

Finally, we address the defendants' argument that the plaintiffs' complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In deciding a Rule 12(b)(6), the Court accepts the allegations contained in the complaint as true and draws all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers,* 192 F.3d 52, 56 (2d Cir.1999) (citation omitted). The complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

to relief. *Id.* "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scala v. American Airlines,* 249 F.Supp.2d 176, 177 (D.Conn.2003) (citation omitted).

Because we determined previously that the plaintiffs alleged facts sufficient to state a section 1983 claim for deprivation of their Fourth Amendment right to be free from unreasonable searches and seizures, it follows, then, that they have alleged facts sufficient to state a claim upon which relief can be granted.

### *Conclusion*

Based on the facts alleged in the complaint, the defendants' motion to dismiss the federal claim is DENIED because the plaintiffs stated properly a claim upon which relief can be granted. Moreover, the defendants, at this juncture in the case, are not entitled to qualified immunity as a matter of law because the plaintiffs have asserted violations of the clearly established right to be free from unreasonable search and seizure, and because the facts alleged, if proven, would show that a reasonable official would have understood that his actions violated that right. In regard to the state law claim, the defendants' motion to dismiss is GRANTED because they are entitled to statutory immunity pursuant to Conn. Gen.Stat. § 4–165.

In summary, the motion of Sergeant Stevens and Trooper Greene to dismiss the federal claim [Doc. 41] is **DENIED**, and their motion to dismiss the state law claim is **GRANTED**. We reiterate that this motion was filed by Sergeant Stevens and Trooper Greene only and, therefore,

this decision has no effect on the other defendants named in this law suit.

**SO ORDERED.**